IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 No. CV 11-0564 JC/LFG
                                                                   CR 91-0007 JC

ELOY CARRANZA-HURTADO,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's motion to dismiss indictment (CV Doc. 1; CR Doc. 250) filed on June 23, 2011.  Defendant asserts that the indictment against him failed to adequately allege the type or amount of drugs involved in the charged offense.  As a result, under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the indictment against him was defective and his conviction violates his rights under the Fifth and Sixth Amendments.

       This Court entered judgment on Defendant's criminal conviction on November 26, 1991 (CR Doc. 207).  The Court of Appeals for the Tenth Circuit affirmed the conviction on November 17, 1992.  *See United States v. Martinez*, 979 F.2d 1424, 1434 (10th Cir. 1992).  Defendant subsequently attacked his conviction in two motions under 28 U.S.C. § 2255.  *See* No. CV 91-0725 JC/DJS; No. CV 95-1504 JC/WWD.  In the latter proceeding, No. CV 95-1504 JC/WWD, the Court vacated one count of Defendant's conviction (CV Doc. 32) and on March 21, 1997, entered an amended criminal judgment (CR Doc. MV-27).

       Defendant filed his motion to dismiss indictment long after judgment was entered.  "[A] motion to dismiss an indictment, pursuant to Fed. R. Crim. P. 12(b)(2), must be filed before final

judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion." *United States v. Preciado-Quinonez*, 53 F. App'x 6, 7 (10th Cir. 2002) (interpreting former version of rule); *and see United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005). The motion was not timely filed and may not be considered by the Court.

Furthermore, the Court will not recharacterize Defendant's motion as a motion under § 2255. Defendant has previously filed two § 2255 motions, and the one-year limitations period has long expired. The Court is not required to recharacterize a motion under § 2255 where relief "would, at least facially, 'be barred as untimely . . . or as second or successive [under 28 U.S.C. § 2255].' " *Valadez-Camarena*, 402 F.3d at 1261 (brackets in original); *and see United States v. Lowe*, 6 F. App'x 832, 836 (10th Cir. 2001) (finding no error in district court's decision not to recharacterize a pleading as a § 2255 motion). Defendant's motion to dismiss indictment will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss indictment (CV Doc. 1; CR Doc. 250) filed on June 23, 2011, is DENIED as untimely filed; and this civil proceeding is DISMISSED.

_____
SENIOR UNITED STATES DISTRICT JUDGE